MISSOURI, K. & T. RY. CO. OF TEXAS v. WILSON et al. (No. 7499.)

(Court of Civil Appeals of Texas. Dallas. May 20, 1916.)

1. JUSTICES OF THE PEACE ⬥174(8)—APPEAL —PLEADING—NEW CAUSE.

Where the original cause of action was on contract of a carrier to transport oats between two points, under which the carrier was bound only to deliver them in like condition at the destination, an amended petition on appeal to the county court after judgment of the justice court for plaintiffs showing a second contract for shipment between the original destination and a third point set up a new cause; the carrier not being liable for damage during second shipment unless it obligated itself on the second contract.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 670; Dec. Dig. ⬥ 174(8).]

2. EVIDENCE ⬥317(9) — ADMISSIBILITY — HEARSAY.

Plaintiffs' testimony as to what they were told in regard to damage to a car of oats ship-

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ped by them is incompetent, and its admission is error in their suit against the carrier for such damage.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1182; Dec. Dig. 317(9).]

Appeal from Rains County Court; J. B. Allred, Judge.

Action by Robert Wilson and others against the Missouri, Kansas & Texas Railway Company of Texas. To an order overruling defendant's exception to the amended petition on appeal to the county court, defendant appeals. Reversed and remanded.

C. C. Huff, of Dallas, and Dinsmore, McMahan & Dinsmore and Paul G. Thompson, all of Greenville, for appellant. J. W. Humphrey, of Point, and Crosby, Hamilton & Harrell, of Greenville, for appellees.

RAINEY, C. J. Appellees sued the appellant in the justice court to recover damages to a carload of oats shipped over appellant's road from Point, Tex., to Crowley, La. Appellees alleged, in effect, that said oats were shipped in a leaky car, and when Crowley, the place of destination, was reached, the oats were wet and damaged by reason of the car leaking, and were refused by the consignee because of such damaged condition. Appellees recovered judgment in the justice court, and an appeal was taken by appellant to the county court, where appellees amended their plea setting up the original claim, and, in addition thereto, that said car of oats was reshipped over another road to Teague, Tex., and set up further damage to the oats. Appellant excepted to the amended petition setting up a new cause of action, which exception was overruled, and of this appellant complains.

[1] The first cause of action set up in the justice court was on a contract with appellant to transport and deliver a car of oats from Point, Tex., to Crowley, La. Under this contract the appellant was only bound to deliver the oats in like condition as when received by it, and was not obligated to transport them over another line to another point, and, if by reason of the car leaking the oats were damaged on the road from Teague to Crowley, the appellant would not be liable therefor, unless it obligated itself under a new contract for said leaky car to be used in the transportation of said oats over the line to Teague. Therefore the amended petition alleged a new cause of liability on the part of appellant.

[2] The appellant transported the oats to Crowley as per its shipping contracts, and there is no competent evidence to show that said oats were damaged while so being transported to Crowley by appellant. There was testimony by Robert Wilson and H. P. Harris as to what they were told about the damage being the cause of the consignee refusing to receive the oats. This testimony was admitted over objections of appellant, and

its admission was error. Unless it is shown that the oats were damaged on appellant's line before they were offered for delivery at Crowley, appellant would not be liable for the damage on the other road, unless it was a party to the reshipment contract to Teague. This the evidence fails to show.

The judgment is reversed, and the cause remanded.